UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| COREY WADE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:18-CV-00062 NAB |
| JASON LEWIS, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the undersigned on the petition of Missouri state prisoner Corey Wade ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 10). For the following reasons, the petition will be denied.

    **I.**   **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. On February 29, 2016, Petitioner pleaded guilty to the following: (Count I) murder in the second degree, a class A felony pursuant to Mo. Rev. Stat. § 565.021; (Counts III, VII, XI, XV, XIX, XXIII, XXVII, XXXI) attempted robbery in the first degree, a class B felony pursuant to Mo. Rev. Stat. §§ 569.020, 564.011; Counts V, IX, XIII) first degree assault, a class A felony pursuant to Mo. Rev. Stat. § 565.050; (Counts XVII, XXI, XXV, XXIX) first degree assault, a class B felony pursuant to Mo. Rev. Stat. § 565.050; and (Counts II, IV, VI, VIII, X, XII, XIV, XVI, XVIII, XX, XXII, XXIV, XXVI, XXVIII, XXX, XXXII) armed criminal action, an unclassified felony under Mo Rev. Stat. § 571.015. (Doc. 11-1 at 80-81). On March 1, 2016, the

1

Circuit Court of the City of St. Louis, Missouri sentenced Petitioner to life sentences on each count, with Counts I and II to run consecutively, and the sentences for Counts III-XXXII to run concurrently to each other and the sentences for Counts I and II. (Doc. 11-1 at 83; Doc. 11-2 at 24-39.[1]). Petitioner did not file a direct appeal of his judgment. (Doc. 11-1 at 91). On March 30, 2016, Petitioner filed a motion for post-conviction relief. (Doc. 11-1 at 90-95). Petitioner was appointed counsel and filed an amended motion for post-conviction relief on September 6, 2016. (Doc. 11-1 at 98, 103-20).

Petitioner's amended motion or post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, filed through counsel, alleged that he was denied effective assistance by his plea counsel because he was not informed that, to be found guilty of the assaults and armed-criminal-action-charges committed by another person, the state needed to establish that he had the specific common purpose of the other person firing his weapon. (Doc. 11-1 at 5-6). Petitioner states that '[i]f he had known the state would have to prove that Mr. Davis was going to commit the offenses charged in IX, X, XIII, XIV, XVII, XVIII, XXI, XXV, XXVI, XXIX, and XXX, he would not have pleaded guilty but would have proceeded to trial instead." *Id*. at 110. Petitioner also argued ineffective assistance of counsel on the basis of his plea counsel's failure to object to a misstatement of his sentence on the written Judgment form which did not reflect the court's oral pronouncement of his sentence. *Id.* at 112. Petitioner requested an evidentiary hearing to prove his claim regarding ineffective assistance of counsel.

---

[1] On September 22, 2016, the Circuit Court for the City of St. Louis issued a nunc pro tunc order and corrected judgment to accurately reflect the sentence imposed on the Petitioner. The corrected judgment shows, in accordance with the proceedings reflected by the transcript (Doc. 11-1 at 83) that the sentences for Counts I and II are to run consecutively, while the sentences for Counts III-XXXII are to run concurrently. Doc. 11-1 at 85.

2

On September 22, 2016, the motion court entered an order denying Petitioner's claim of ineffective assistance of counsel. (Doc. 11-1 at 122-31). The motion court found that Petitioner's claim was without merit "because the record of the guilty plea hearing shows that movant's guilty pleas were entered knowingly and voluntarily" and that he "clearly understood the crimes he was charged with, [] admitted to the conduct constituting the offenses and there is nothing in the record that indicates he was misled by his own attorney, the prosecutor or the Court." *Id.* at 129. The motion court also found that Petitioner was not entitled to an evidentiary hearing on the basis that he failed to alleged grounds that would entitle him to relief if true and that were not refuted by the record. *Id*. at 126-27. Finally, the motion court found that, although the written judgment did not match the court's sentence, "a clerical error made after movant's pleas had been accepted and after he was sentenced in accordance with a plea agreement, which error did not change the total time to be served" could not render Petitioner's pleas involuntary and unknowing. *Id*. at 130. The motion court entered an Order *nunc pro tunc* in Petitioner's criminal case to correct the sentence and judgment form. *Id.* at 130-31. Petitioner raised the claim on appeal, (Doc. 11-2), and the Missouri Court of Appeals affirmed the motion court's denial of Petitioner's claim, finding that the claim was refuted by the record. (Doc. 11-4).

On March 19, 2018, Petitioner filed the instant *pro se* petition for a writ of habeas corpus. (Doc. 1). Petitioner asserts only one ground for habeas relief: ineffective assistance of counsel due for failure to advise him that he could not be found guilty for acts committed by his co-defendant under the doctrine of accomplice liability. *Id*. at 16.

II.   **LEGAL STANDARDS**

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v.*

3

*Donald*, 575 U.S. 312, 316 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law: "when the state court (1) 'arrives at a conclusion opposite to that reached by the Supreme Court on a question of law;' or (2) 'decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *White v. Dingle*, 757 F.3d 750, 754 (8th Cir. 2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000)). A state court decision is an "unreasonable application" of clearly established federal law "when the state court 'identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413). "Finally, a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings.' 28 U.S.C. § 2254(d)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt*, 327 F.3d at 752 (citing 28 U.S.C. § 2254(e)(1); *Boyd v. Minnesota*, 274 F.3d 479, 501 n.4 (8th Cir. 2001)). The state court's factual findings are presumed correct unless the habeas

4

petitioner rebuts the presumption of correctness by clear and convincing evidence. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)).

### III. DISCUSSION

In the instant *pro se* petition, Petitioner asserts a single claim: that his plea counsel was ineffective in that he did not tell Petitioner that, to be convicted of assault committed by his co-defendant, the state had to establish that Petitioner knew that his co-defendant was going to shoot his firearm. As discussed above, Petitioner raised this claim in his motion for post-conviction relief and in the appeal from the denial of the motion, and the state court denied that claim on the merits.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To show ineffective assistance of counsel, a petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). Under the two-part *Strickland* test, Petitioner must show both that her counsel's representation fell below an objective standard of reasonableness and that she was prejudiced as a result. *See United States v. Regenos*, 405 F.3d 691, 693 (8th Cir. 2005). A defendant raising a claim of ineffective assistance of counsel "can demonstrate prejudice by showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000)). The Supreme Court has held that *Strickland* test applies to ineffective assistance claims in the guilty plea context. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together AEDPA and *Strickland* establish a 'doubly deferential standard'

5

of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1410 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id*. at 699.

In evaluating Petitioner's claim, the Missouri Court of Appeals correctly noted the same two-prong test articulated in *Strickland* and *Paulson*. (Doc 11-4 at 5). The court affirmed the motion court's finding that the allegations underlying Petitioner's claim were refuted by the record. *Id.* at 8. In particular, the court found that Petitioner was not entitled to an evidentiary hearing for ineffective assistance of counsel because he did not allege any facts that were not conclusively refuted by the record and would warrant relief if true. The court found that the record showed that Petitioner entered his guilty plea with an adequate factual basis, and therefore waived his right to an evidentiary hearing. *Id*. at 5-6. The court further found that the state established substantial evidence to support all of the charges to which Petitioner pleaded guilty, that Petitioner confirmed that the state accurately depicted what occurred on the night of the attempted robbery, that Petitioner knowingly and voluntarily entered his guilty plea—including those based on accomplice liability—, and that the state clearly showed that it could have met its burden at trial on all counts to which Petitioner pleaded guilty. *Id*. at 7-8.

The Missouri Court of Appeals' rejection of Petitioner's claim did not involve an unreasonable application of *Strickland* or *Hill* to the facts of this case, nor did it involve an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim that his plea counsel was ineffective is premised entirely on his contention that his plea counsel failed to tell him that he could not be found guilty of an act

6

committed by others because the state could not establish that he had a common purpose with an accomplice if he did not know that the specific acts would be committed. Petitioner contends that he would not have pleaded guilty if he had known that the state would have to prove that he knew that his codefendant was going to fire his weapon. The state courts' determination that the record refuted those allegations has ample support in the record, including Petitioner's own testimony that aside from the inclusion of a third unnamed accomplice, the state accurately portrayed the events the criminal charges against him by specifically stating the underlying facts of each of the 32 counts against him, 18 of which included specific language that Petitioner acted together with his co-defendant to commit armed criminal action and assault. (Doc. 11-1 at 76-79). Petitioner also confirmed that he entered Poohs Corner Bar and Grill, together with his co-defendant Derreaun Davis, dressed in all black, wearing face masks, stocking caps, and each carrying hand guns, ordered seven patrons and one bartender to get on the ground, that one of the patrons was shot in the back of the head, that they exchanged fire with a patron that was armed, and that Petitioner was still at the scene wearing a face mask when police arrived. *Id*. at 79.

The Missouri Court of Appeals found that, because the record established that the state clearly described every charge related to Petitioner's co-defendant by saying that Petitioner, "acting with [co-defendant]" acted knowingly or for the purpose of committing the crime charged, and Petitioner admitted in open court those facts which constituted the offenses for which he was charged, that there was adequate factual basis to enter a judgment upon guilty plea, and consequently, no basis to hold an evidentiary hearing. (Doc. 11-4 at 5-6). Furthermore, the court determined that the circumstances of the case "clearly show Co-defendant's use of gun in the participation of the attempted robbery was reasonably foreseeable to Movant" and that Petitioner's alleged defense would have been futile because accomplice liability does not require specific

7

knowledge of which particular crime a co-participant will commit. *Id.* at 7. Therefore, the court found that plea counsel's disclosure of Petitioner's alleged defense would be neither "relevant nor viable," and that there was no "reasonable probability that the plea counsel's disclosure of this non-viable defense would have persuaded Movant to forego pleading guilty and insisting on proceeding to trial."

Under Missouri law, "all persons who act in concert are equally guilty." *State v. Barnum*, 14 S.W.3d 587, 591 (Mo. 2000) (en banc) (citing *Bass v. State*, 950 S.W.2d 940, 942 (Mo. App. 1997)). A person is responsible for the conduct of another when "[e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he or she aids or agrees to aid or attempts to aid such other person in planning, committing, or attempting to commit an offense." Mo. Rev. Stat. § 562.041.1(2). "Any evidence, either direct or circumstantial, that shows 'affirmative participation' in aiding the principal to commit the crime is sufficient to support a conviction." *State v. Mueller*, 568 S.W.3d 62, 71 (Mo. App. 2019) (quoting *State v. Puckett*, 611 S.W.2d 242, 245 (Mo. App. 1980)). Furthermore, affirmative participation could be reasonably inferred from: (1) presence at the scene of the offense; (2) association with others involved before, during, and after the offense; (3) conduct before the offense; (4) conduct during the offense, including making no effort to assist the victims; and (5) conduct after the offense, including fleeing from the scene and failing to talk to the police relatively soon after the incident. *In the Interest of S.B.A.*, 530 S.W.3d 615, 625 (Mo. App. 2017) (citations omitted). To support a conviction under accomplice liability, the evidence does not need to establish a defendant's specific knowledge of which crime will be committed by a co-participant, and an accomplice is responsible for any crimes he could reasonably anticipate would be part of a course of criminal conduct embarked upon with others. *See State v. Ward*, 473 S.W.3d 686, 692 (Mo. App. 2015).

8

Petitioner has not offered any basis to show that he would satisfy the two-part *Strickland* test, nor has he offered a basis on which this Court could find that it the state court's application of the *Strickland* test was objectively unreasonable.

Because the state court reasonably determined that the plea counsel's disclosure of a non-viable defense would not have persuaded Petitioner to forego pleading guilty and insisting on proceeding to trial and that the state clearly showed it could have met its burden at trial on all counts to which Petitioner pleaded guilty, the state court's denial of Petitioner's ineffective assistance of counsel claim was reasonable. Petitioner could not establish either of the two prongs of the *Strickland* test, and the state court's denial of his claim did not involve an objectively unreasonable application of *Strickland* or *Hill* to the facts of this case. Petitioner's claim will be denied.

### IV. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that she has been denied a constitutional right. 28 U.S.C. § 2253.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2021.